**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SIGRID EHRENBERG, | : |
| Plaintiff, | : Case No. 2:10-cv-00014-ALM-MRA |
| vs. | : JUDGE MARBLEY |
| DIALYSIS CORPORATION OF AMERICA, | : MAGISTRATE JUDGE ABEL |
| | : |
| Defendant. | |
| | : |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, Defendant Dialysis Corporation of America ("Defendant") and Plaintiff Sigrid Ehrenberg ("Plaintiff") have requested that this Court enter an order to protect their respective confidential information during this proceeding, including discovery and trial. The Court has determined that it is appropriate to enter such an order and it is therefore **ORDERED** as follows:

1. *Applicability*. This Order shall apply to all discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and any other information that a disclosing party may designate as protected in connection with this action.

*Definitions*

2. *"Confidential" information* means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise that:

      (a) is designated as such by either party at the time of production;

      (b) constitutes or contains a trade secret or other confidential business-related information and confidential personal information (including "Protected Health Information"); and

      (c) cannot be disclosed because such disclosure would (i) be likely to harm the competitive position of the producing party, or (ii) violate a confidentiality obligation owed by the producing party to a third person, including a court.

3.   "Protected Health Information" or "PHI" means all individually identifiable health information that is subject to, and protected by, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  When feasible, the parties may redact PHI.  However, the parties may not be able to or may not choose to redact all PHI.  In such circumstances, PHI shall be designated and treated as Confidential information under the terms of this Stipulated Confidentiality and Protective Order.

4.   *Exceptions to confidentiality status.*  Information will not be deemed protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof is:

      (a) at the time of production or disclosure (or subsequently becomes), through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise; or

      (b) already in the possession of the receiving party at the time of production, unless it is Protected Health Information; or

      (c) disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party.

5. *"Law Firm Personnel"* means (i) regular full- or part-time employees of the law firms of the outside attorneys of record for any party; and (ii) non-employee clerical personnel engaged by such law firms on a contract basis (e.g., data entry clerks) to whom it is necessary that the Confidential information in question be disclosed for purposes of any dispute between parties to this lawsuit.

6. *"Outside consultants/experts"* means persons who: (i) are not employed by the receiving party and (ii) are retained by a party or its attorneys of record in this litigation, for the purposes of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants, computer forensic experts or other technical experts.

7. *"Service bureau"* means a company that

(a) is independent of the parties, but a company will not be deemed dependent solely because it does business, regularly or irregularly, with a party; and

(b) is engaged by counsel of record to perform clerical-type services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like.

8. *"Other qualified person"* means any other person who is so designated by: (i) order of the Court after notice and an opportunity to be heard to all affected parties, or (ii) agreement of the producing party.

9. *Qualified persons*, as to Confidential information, mean the following:

| PERSONS | QUALIFIED FOR CONFIDENTIAL INFORMATION? |
|---|---|
| Parties (Plaintiff and Defendant) | Yes |
| Outside counsel of record for | Yes |

| | |
|---|---|
| any party | |
| Other Law Firm Attorneys | Yes |
| Law Firm Personnel | Yes |
| Service Bureau | Yes |
| Outside Consultants/Experts | Yes |
| Other Qualified Persons | As designated |

### *Designation and Identification of Information*

10. *Labeling of documents.* Information being designated as protected that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation. If a producing party inadvertently fails to label a document Confidential, the producing party, upon discovery of its mistake, shall immediately inform the receiving party that the document should be treated as Confidential. From that point on, the receiving party will treat the document as Confidential (depending upon the producing party's requested designation).

11. *Designation of other disclosures.* Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the receiving party at the time of production.

12. *Preliminary designation of documents being inspected.* If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential." Thereafter, on

selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

13. *Designation not determinative.*  Designation of documents or other specified information as protected by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such.

14. *Challenges to confidentiality designations.*  A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  (The parties are strongly encouraged to agree on, e.g., "declassification" or "downgrading" of redacted copies of particular documents or to agree that certain specified persons may be given access to particular confidential information.)  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court by way of a motion.  The burden of proving that the information has been properly designated as protected is on the party making such designation.

15. *Designation of deposition testimony.*  The following procedures shall be followed if confidential information of a producing party is discussed or disclosed in a deposition:

(a) The protected information shall be designated as Confidential at the request of counsel for the producing party (or, if the producing party is not a party to the action and is not

represented at the deposition, at the request of counsel for the party disclosing the information or questioning the witness about it).

(b) If a request under subparagraph (a) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains Confidential information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

(c) Alternatively, a request under subparagraph (a) may be made in writing within ten (10) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Confidential information. The list shall be set forth on one or more separate pieces of paper, the first of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

16. *Access to Information.* Access to Confidential information disclosed to a receiving party shall be limited to qualified persons except with the prior written agreement of the producing party.

17. *Disclosure in certain circumstances.* Nothing in this Order shall preclude any party to the lawsuit or their attorneys from:

(a) showing a document designated as protected to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document, or

(b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as protected.

18. *Restrictions on use and disclosure.*  Disclosure of information designated as protected shall be used solely for the purposes of this litigation; information so disclosed shall not be used for any other purpose.  The persons receiving the Confidential information are **ENJOINED** from disclosing it except in compliance with this Order.

19. *Future representation by counsel.*  It is not the intent of the parties, nor the Court, that an attorney or law firm that acquires knowledge of (or is given access to) Confidential information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge (or access).

### *Other Provisions*

20. *Filing under seal.*  No document containing Confidential information shall be filed with this Court unless it is done so under seal, pursuant to a motion for leave to file under seal in accordance with applicable Local Rules.

21. *Use of information in court proceedings.*  A party may make use of the Confidential information of another party at trial, or during any pre- or post-trial hearing, assuming that the Confidential information is otherwise relevant and admissible.

22. *Disposition of documents, etc., after final termination.*  Except as set forth below, within 60 days of final termination of this action, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record all documents (and copies thereof) and all materials (and copies thereof) that have been furnished to it by the producing party and that have been identified as Confidential information pursuant to this Order.  At the option of the

producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.

23. *No waiver of right or obligation to object to production.* Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

24. *Continuing jurisdiction.* This Order shall survive the final conclusion of the action, and this court retains jurisdiction of the parties hereto indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

25. *Requests for additional protection.* This Order shall be without prejudice to the right of the parties to request additional protection under Federal Rule 26(c) for discovery requests made hereafter by any party.

**IT IS SO ORDERED.**

        s/Mark R. Abel\_
        United States Magistrate Judge